IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK AROME OKUO, | : | Civil No. 3:24-cv-1422 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN, ALLENWOOD-LOW, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Mark Arome Okuo ("Okuo") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Okuo alleges that the Federal Bureau of Prisons ("BOP") failed to place him in a halfway house or home confinement, in violation of his rights and the law. (*Id.*). For the reasons that follow, the Court will dismiss the habeas petition without prejudice based on Okuo's failure to exhaust the available administrative remedies.

**I.   Background**

Okuo is serving a 55-month term of imprisonment imposed by the United States District Court for the District of Massachusetts for his conviction of conspiracy to commit bank fraud and wire fraud. (Doc. 8-5). His current projected release date is December 22, 2024, via First Step Act ("FSA") release. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Okuo filed a total of six administrative remedies. (Doc. 8-6). None of those

administrative remedies pertain to the claims in the instant petition. (*Id.*). The six remedies are as follows. Two of the remedies pertain to an appeal of a Discipline Hearing Officer decision. (*Id.* at pp. 2, 3). Four of the remedies—numbers 1182622-FI, 1182622-RI, 1182622-AI, and 1182622-A2—have an abstract description of "FSA credit." (*Id.* at pp. 2-4). In those remedies, Okuo challenged the date upon which he began earning FSA credits. (Doc. 8-4, p. 1 ¶ 4).

In his § 2241 petition, Okuo alleges that the BOP violated his rights by failing to place him in a halfway house or home confinement. (Doc. 1). For relief, he seeks release from federal custody. (*Id.* at p. 7). Respondent filed a response, asserting that the Court should dismiss the petition because Okuo did not exhaust his administrative remedies before proceeding to federal court and, alternatively, because the petition is without merit. (Doc. 8). The record clearly establishes that Okuo failed to exhaust his administrative remedies; therefore, the Court does not reach Respondent's alternative arguments.

## II.  Discussion

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop

a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" *Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And,

finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the record reflects that, although Okuo filed six administrative remedies, none of those remedies concern the claims in the habeas petition—that the BOP violated his rights by failing to place him in a halfway house or home confinement.[1] (*See* Doc. 8-6).

Okuo concedes his failure to exhaust but argues that exhaustion should be excused "simply because of the timing." (Doc. 1-1, p. 1 (stating that "in seeking all my remedies, it will be moot and futile")). In other words, Okuo argues that he should not have to exhaust his administrative remedies because the administrative remedy process could take months to complete, and he will be released before the process is completed. The Court, however, is unpersuaded by Okuo's argument, as it does not provide a basis to excuse exhaustion. *See, e.g., Greene v. Spaulding*, No. 22-cv-01726, 2023 WL 3372375, at *2 (M.D. Pa. Apr. 26, 2023) (concluding that the Section 2241 petitioner had failed to show irreparable harm as a basis for excusing administrative exhaustion, where he argued that the denial of his claim at the administrative level would result in him being released later than the date he

---

[1] While Okuo filed administrative remedies challenging the accrual date of his First Step Act credits, he did not file any remedies alleging that the BOP violated his rights by failing to place him in a halfway house or home confinement. (*See* Doc. 8-4, p. 1 ¶ 4; Doc. 8-6).

4

would be entitled to release if he were granted habeas relief—i.e., granted credits under the First Step Act); *Rodriguez v. Sage*, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); *Ramirez v. Sage*, No. 22-cv-00638, 2022 WL 2318693, at *2 (M.D. Pa. June 28, 2022) (rejecting the Section 2241 petitioner's argument that requiring him to exhaust his administrative remedies "would subject him to irreparable harm because the delay would result in him being incarcerated beyond the date he should be released" (citation omitted)).  Additionally, the Court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground.

The Court finds that Okuo's claim must first be presented to BOP officials and fully exhausted.  Because Okuo did not fully exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

## III. Conclusion

Based on the foregoing, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September 18, 2024